

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MARIO FREEMAN, | CASE NO. 1:11 CV 2392 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | |
| UNITED STATES, | <u>MEMORANDUM OF OPINION AND ORDER</u> |
| Defendant. | |

On November 4, 2011, plaintiff *pro se* Mario Freeman filed this *in forma pauperis* action against the United States. The complaint alleges plaintiff was threatened with a gun by a federal agent, "stung" by federal agents with a beam (causing him to have a deformed chest), poisoned by federal agents (resulting in constipation and coughing blood), and followed by police and government agents, who sometimes "stand annoyingly close." It is further alleged his phone has been tapped. Plaintiff asserts violation of his "rights to life, liberty, and due process, as guaranteed to him by the fifth and fourteenth amendment of the United States Constitution," and seeks monetary and injunctive relief.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989);

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir.

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim. *See, Lillard v. Shelby County Bd. of Educ.,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).[2]

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

---

1985).

[2] This is the second case recently filed by plaintiff to be summarily dismissed by this court. A previous such case was just dismissed on October 31, 2011. *See, Freeman v. United States*, N.D. Ohio Case No. 1:11 CV 1788. Plaintiff is hereby forewarned that, if he files any more frivolous cases, he will be considered a vexatious litigator and be enjoined from filing cases in this court without leave.

from this decision could not be taken in good faith.

        IT IS SO ORDERED.

                                    /s/ Dan Aaron Polster
                                    DAN AARON POLSTER
                                    UNITED STATES DISTRICT JUDGE